## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RAYMOND C. GREEN FUNDING, LLC | ) | 3:22-cv-1331 (KAD) |
| and RAYMOND C. GREEN, INC. | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| OCEAN DEVELOPMENT PRECINCT I, | ) | DECEMBER 8, 2022 |
| LLC; OCEAN DEVELOPMENT | ) | |
| PARTNERS, LLC; NICHOLAS | ) | |
| FIORILLO; CONNECTICUT | ) | |
| ATTORNEYS TITLE INSURANCE | ) | |
| COMPANY; WALLINGFORD | ) | |
| EQUITIES, LLC; BARNES ROAD, LLC; | ) | |
| JOHN USDAN; BARNES ROAD FARM | ) | |
| REALTY, LLC; 420 BARNES ROAD, | ) | |
| LLC; TANKWOOD FARM REALTY, | ) | |
| LLC; and 421 BARNES ROAD, LLC. | ) | |
| *Defendants*. | ) | |

## <u>ORDER OF REMAND</u>

Kari A. Dooley, United States District Judge:

On October 19, 2022, the self-represented Defendant, Nicholas Fiorillo, removed this action from the Connecticut Superior Court pursuant to 28 U.S.C §§ 1443, 1446. *See Raymond C. Green Funding, LLC et al. v. Ocean Development Precinct I, LLC et al.*, No. HHD-CV22-5073473-S. On October 31, 2022, this Court issued an Order to Show Cause why this case should not be remanded to the Connecticut Superior Court, judicial district of Hartford. On November 2, 2022, Plaintiffs Raymond C. Green Funding, LLC and Raymond C. Green Inc., timely filed a Motion to Remand to State Court. On November 10, 2022, this Court ordered Defendant to respond to Plaintiffs' Motion to Remand. Fiorillo filed his response to the Order to Show Cause (ECF No. 15) and his opposition to Plaintiffs' Motion to Remand (ECF No. 16) by November 21, 2022. Even affording Fiorillo's "*pro se* petition for removal the close and sympathetic reading to

which it is entitled," it nonetheless "reveals no basis for the exercise of subject matter jurisdiction over the underlying suit." *See Vill. of Milbrook v. Forrest*, 903 F. Supp. 599, 600 (S.D.N.Y. 1995). Because this Court lacks subject matter jurisdiction over this action and because removal is untimely and otherwise deficient, the Court GRANTS the Plaintiffs' Motion to Remand (ECF No. 8) for the reasons set forth below.

**Discussion**

Federal courts have subject matter jurisdiction over only matters in which a federal question is raised or there is diversity of citizenship. *See* 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction exists where the action "aris[es] under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. Under the well-pleaded complaint rule, "a suit 'arises under' federal law. . .' only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'" *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). Federal question jurisdiction does not exist in this case because the complaint's allegations, which arise from the breach of a promissory note and loan agreement, do not raise an issue of federal law. *See Wells Fargo Bank, North America v. Stephens*, No. 3:14-cv-1982 (VLB), 2015 WL 6551782, at *3 (D. Conn. Oct. 29, 2015). While in his Opposition to the Motion to Remand Fiorillo alleges additional federal bases for removal, including 42 U.S.C. § 1983, 18 U.S.C. § 1962(a), 18 U.S.C. § 1964, 28 U.S.C. § 4101, 18 U.S.C. § 242, and 18 U.S.C. § 1441(a), federal jurisdiction cannot be predicated on Fiorillo's actual or anticipated defenses or counterclaims in the underlying proceeding. *See Vaden*, 556 U.S. at 60.

Nor may Fiorillo rely on 28 U.S.C. § 1443, which permits the removal of cases in which a denial of the defendant's civil rights is implicated. *See Rizzitelli v. Thompson*, 2014 WL 3819212, at *3 (D. Conn. Aug. 4, 2014) ("To support removal under § 1443(1), it is not sufficient merely to

allege that a law, fair on its face, is being administered in a discriminatory manner." (alterations and internal quotation marks omitted)). Indeed, "conclusory . . . reference[s] to [civil] rights in [a] removal petition [are] woefully inadequate to support removal on the basis of [section] 1443." *Four Keys Leasing & Maintenance Corp. v. Simithis*, 849 F.2d 770, 774 (2d Cir. 1988). Section 1443 permits "removal by a defendant whose petition recites facts that would be sufficient, if true, to permit the federal court to infer that in the state proceeding the defendant will be denied specific equal civil rights. Such a recitation might consist of 'reference to a [state] law of general application [indicating] that the defendant will be denied or cannot enforce the specified federal rights in state courts,' *Georgia v. Rachel*, 384 U.S. 780, 800 (1966); or of citation to some 'formal expression of [such a] state law,' *id.* at 803; or, where there is a statutory protection against suit, of citation to a law showing that the mere pendency of the action will deny the defendant his equal civil rights, *id.* at 805." *Four Keys Leasing & Maintenance Corp. v. Simithis*, 849 F.2d at 773. "Section 1443 'le[aves] to the state court' the protection of a defendant's federal civil rights, 'except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.' *City of Greenwood v. Peacock*, 384 U.S. 808, 828 (1966)." *Grohs v. Grohs*, No. 3:17-cv-01605 (SRU), 2017 WL 4678182, at *3 (D. Conn. Oct. 17, 2017), adhered to on reconsideration, No. 3:17-cv-01605 (SRU), 2017 WL 5171845 (D. Conn. Nov. 8, 2017).

As previously stated, the notice of removal does not allege that the state court proceeding was being administered in a discriminatory manner or that there is a state law depriving the Defendant of his federal civil rights so as to support removal under Section 1443. In his Opposition to the Motion to Remand, Fiorillo generally claims that he is being denied a fair hearing in violation

of his Due Process rights. He cites to numerous entries and decisions in the state court proceedings with which he disagrees both factually and legally and which he contends demonstrates the unfairness of the proceedings. As discussed above, whether construed as a defense to the Plaintiffs' lawsuit, a counterclaim against the Plaintiffs, or a third-party complaint against Plaintiffs' attorneys and the state judges, Fiorillo's allegations do not support the assertion of federal question jurisdiction. *See Holmes Grp. v. Vornado Air Circulation Sys.*, 535 U.S. 826, 831 (2002) (counterclaims); *see also, e.g.*, *Franchise Tax Bd. of California v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 14 (1983) (defenses); *Palisades Collections v. Shorts*, 552 F.3d 327, 332 (4th Cir. 2008) (third-party complaints). Furthermore, section 1443 does "not [apply] to the whole gamut of constitution rights." *Grohs v. Grohs*, 2017 WL 4678182, at *3 (citing *New York v. Galamison*, 342 F.2d 255, 269 (2d Cir. 1965). Because the Supreme Court has construed the phrase "any law providing for the equal civil rights of citizens of the United States" in section 1443 to mean "any law providing for specific civil rights stated in terms of *racial equality*," *State Farm Mut. Auto. Ins. Co. v. Baasch*, 644 F.2d 94, 97 (2d Cir. 1981) (quoting *Rachel*, 385 U.S. at 791), section 1443 applies only in cases where "a defendant seeks to remove a state cause of action based upon alleged *racial* discrimination." *Robinson v. Eichler*, 795 F. Supp. 1253, 1258 (D. Conn. 1992) (emphasis added). "[B]road contentions under the First Amendment and the Due Process Clause of the Fourteenth Amendment"—for example—"cannot support a valid claim for removal under [section] 1443, because the guarantees of those clauses are phrased in terms of general application available to all persons or citizens." *Rachel*, 384 U.S. at 792 (citing *Galamison*, 342 F.2d at 269, 271).

The Court likewise does not have subject matter jurisdiction on the basis of diversity jurisdiction and Defendant does not contend otherwise. Diversity jurisdiction exists only where

there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The citizenships of all defendants must be different from the citizenships of all plaintiffs. *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 68 (2d Cir. 1990). The Plaintiffs, Raymond C. Green Funding, LLC, and Raymond C. Green, Inc., and three of the Defendants, Ocean Development Precinct I, LLC, Ocean Development Partners, LLC, and Fiorillo, are citizens of Massachusetts, and therefore there is not complete diversity.

Additionally, a notice of removal generally must "be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading . . . or within 30 days after the service of summons upon the defendant . . . whichever period is shorter." 28 U.S.C. § 1446(b)(1). The state court action was filed in 2021 and thus the notice of removal is untimely. *See U.S. Bank Nat'l Ass'n v. Berkowska*, No. 3:12-cv-597 (JBA), 2013 WL 12303038, at *1 (D. Conn. Jan. 3, 2013) ("[T]he statutory time limit is mandatory and absent a finding of waiver or estoppel, federal courts rigorously enforce the statute's thirty-day filing requirement." (quotation marks and citation omitted)). Fiorillo does not address this this concern which was identified in the Order to Show Cause. Moreover, in the petition for removal, Fiorillo does not indicate whether he obtained consent for the removal from all Defendants in the state action. *See id.* § 1446(b)(2)(A) ("[A]ll defendants who have been properly joined and served must join in or consent to the removal of the action."). Again, Fiorillo does not address this issue. For all of these reasons, the propriety of removal to this Court and/or this court's subject matter jurisdiction to hear this case is wholly lacking.

**Conclusion**

Accordingly, this matter is remanded back to the Connecticut Superior Court, judicial district of Hartford. *Royal Ins. Co. v. Jones*, 76 F. Supp. 2d 202, 204 (D. Conn. 1999) ("[A] court

lacking subject matter jurisdiction over a removed action must remand that action to state court *sua sponte* or on motion."); *see United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (recognizing that lack of subject matter jurisdiction may be raised *sua sponte* by the Court and that "[w]here jurisdiction is lacking . . . dismissal is mandatory"). The Clerk of the Court is directed to: (1) remand this matter to the Connecticut Superior Court, judicial district of Hartford, pursuant to 28 U.S.C. § 1447(c), and (2) close this case.

    **SO ORDERED** at Bridgeport, Connecticut, this 8th day of December 2022.


                                    /s/ Kari A. Dooley
                                 KARI A. DOOLEY
                                 UNITED STATES DISTRICT JUDGE